STATE *vs.* LOUIS PELLETIER.

York.     Opinion January 8, 1929.

*Perley H. Ford,* County Attorney, for the State.
*Abraham Breitbard,*
*Edward J. Harrigan,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DEASY, BARNES, PATTANGALL, JJ.

BARNES, J.    This case comes up on exceptions to the admission of testimony in the trial of a criminal issue.

Respondent contended that the testimony was inadmissible because of the wording of the complaint upon which he had been arrested.

The complaint is not in precise form as laid in Section 54, Chapter 127, R. S.

But this is not necessarily fatal, said Section 54 declaring certain forms set forth therein as being sufficient in law, and by no means excluding other forms if sufficient.

"It is true that in the form presented by the statute the word here omitted is inserted. But the statute does not provide that that form alone shall be used.

"It only provides that it shall be sufficient. Any other form which is in substance the same, may be equally valid." *Adams* v. *McGlinchey*, 66 Me., 474.

Not only in substance, but in precise words the complaint declares the offence charged to be the sale of intoxicating liquor.

- The chief purpose of a complaint is not notice, but the detention of a person charged with crime until examination can be had. Formal precision and exhaustive detail are not necessary.

Commission of crime must be stated with substantial accuracy.

The complaint in this case set out that on a day stated, in a city named, within the jurisdiction of the court of issuance, the defendant "without lawful authority, license or permission, therefor, did sell a certain quantity of intoxicating liquor, to wit one bottle containing about eleven and one half ounces of a mixture composed mainly of Cod Liver Oil, Rum and Honey, labeled Pierre Cartier's Medicine," to one named, *contra pacem.*

Respondent's argument in support of his exceptions seems to be that after the videlicet in the complaint the pleader did not specify that the offence charged was the sale of a "beverage containing one-half of one per cent of Alcohol by volume."

Unfortunately for respondent the complaint charges the sale of intoxicating liquor, to wit a mixture of rum and honey and cod liver oil. Apprised of this charge, in the course of receiving admissible testimony in proof, the Court ruled that the purchaser might testify that he opened the bottle, tasted its contents; that it tasted like rum, very sweet and pleasing.

The ruling of the Justice was clearly right.

Prior to the question first objected to, and separated by only three questions, on the same subject matter, the witness had been asked what talks he had with respondent on the day when he purchased the liquor in question.

This was his reply: "Why, I went in to his store and asked him for another bottle of beef, iron and wine, and he said he didn't have any, he was out, and I told him that it made a pretty good drink. I said I didn't care much for this cheap alcohol. He said, 'No, that was poison,' and I says, 'Is there anything — enough in that beef, iron and wine to hurt anyone to drink it, is there?' and he said, 'No, no, but,' he said, 'there isn't much to it,' he says, 'nothing but wine.' He says, 'I have got something here that I will show you.' He says, 'It is cod liver oil and rum.' He says, 'There is a little more rum than there is oil in the bottle, and,' he says, 'You take a straw and put down through this oil and you can suck the rum out.' 'Well,' I said, 'I guess I will try a bottle of that.' So I purchased this bottle."

It was the duty of the Court to admit for consideration of the jury all evidence tending to identify the liquor as rum, if such it should prove to be, and to show its intoxicating quality.

*Exceptions overruled.*
*Judgment for the State.*